Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

OCTOBER 27 20 11
WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

PERRY GRAVELLE,
a/k/a LAMONT CRANSTON
a/k/a PERRY WHITE

Defendant.

CR11 No. 0355 RSM

INDICTMENT

The Grand Jury charges that:

**COUNTS 1-2**
**(Mail Fraud)**

**A.      The Scheme and Artifice to Defraud**

1.      Beginning in or about August 2007, and continuing until about August 2009, at Bellevue, within the Western District of Washington and elsewhere, PERRY GRAVELLE did devise and intend to devise a material scheme and artifice to defraud the United States and to obtain money from the United States by means of material false and fraudulent pretenses, representations, and promises.  Specifically, and as further described below, PERRY GRAVELLE applied to receive Supplemental Security Income benefits under the name "Lamont Cranston" at the same time he was receiving Title II Social Security Retirement Insurance Benefits using the name "Perry White."

INDICTMENT/PERRY GRAVELLE - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**B.    Manner and Means**

The manner and means used to accomplish the scheme to defraud included the following:

2.    It was part of the scheme and artifice to defraud that, in 1955, PERRY GRAVELLE applied for and was issued a Social Security number in the fictitious name "Perry White."  On or about October 5, 1999, PERRY GRAVELLE applied to the Washington Department of Licensing for, and obtained, a driver's license in the name "Perry White" but bearing a photograph of PERRY GRAVELLE.  PERRY GRAVELLE renewed this driver's license on or about October 17, 2002, and October 3, 2007.

3.    It was a further part of the scheme and artifice to defraud that on or about September 15, 1994, PERRY GRAVELLE applied for and was issued a Social Security number in the fictitious name "Lamont Cranston."  On the application, PERRY GRAVELLE falsely represented that he had never previously applied for or been assigned a Social Security number.  On or about January 1, 1995, PERRY GRAVELLE applied to the Washington Department of Licensing for, and obtained, a driver's license in the name "Lamont Cranston" but bearing a photograph of PERRY GRAVELLE. PERRY GRAVELLE renewed this driver's license on or about August 11, 1998, October 17, 2002, and October 2, 2007.

4.    It was a further part of the scheme and artifice to defraud that, on or about October 12, 2000, PERRY GRAVELLE, using the name Perry White, submitted to the Social Security Administration ("SSA") an application for Title II Retirement Insurance benefits.  PERRY GRAVELLE, using the name Perry White, received these benefits each month beginning in December 2000.

5.    It was a further part of the scheme and artifice to defraud that, on or about August 10, 2007, PERRY GRAVELLE, using the name "Lamont Cranston," applied to SSA for Supplemental Security Income ("SSI") benefits.  PERRY GRAVELLE represented that his name was Lamont Cranston and that he had never been assigned another Social Security number.  The SSI application was approved, and PERRY

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 GRAVELLE, under the name "Lamont Cranston," received SSI benefits each month over

2 the period September 2007 through August 2009.

3 **C.     Execution of the Scheme to Defraud**

4        6.     On or about the dates set forth below, at Bothell and other places within the

5 Western District of Washington, and elsewhere, PERRY GRAVELLE, having devised

6 the above-described scheme and artifice to defraud and for obtaining money and property

7 by false and fraudulent pretenses, representations and promises, and for the purpose of

8 executing and in order to effect the scheme to defraud, did knowingly cause to be

9 delivered by means of the United States mails, according to the directions thereon, the

10 following matter, the delivery of each of which constitutes a separate count of this

11 Indictment:

12

| Count | Date | Sender | Addressee | Item Mailed |
|-------|------|--------|-----------|-------------|
| 1 | 8/10/07 | SSA | Lamont Cranston | SSI Application Summary |
| 2 | 10/6/07 | Washington DOL | Lamont Cranston | Driver's License |

16        All in violation of Title 18, United States Code, Section 1341 and Section 2.

17

18 **COUNT 3**
**(Social Security Fraud–Concealment of Material Event)**

19        Beginning in or about August 2007, and continuing until about August 2009, at

20 Bellevue, within the Western District of Washington, and elsewhere, the defendant,

21 PERRY GRAVELLE, having knowledge of events and information affecting his initial

22 and continued right to receive payment of Supplemental Security Income benefits,

23 concealed and failed to disclose such events and information with the intent to

24 fraudulently secure payment in a greater amount and quantity than was due and when no

25 payment was authorized.  Specifically, in applying for and collecting Supplemental

26 Security Income benefits under the name "Lamont Cranston," PERRY GRAVELLE

27 intentionally concealed and failed to disclose that his true name was PERRY

28 GRAVELLE, and that he was already receiving benefits administered by the Social

INDICTMENT/PERRY GRAVELLE - 3

1  Security Administration under the name Perry White.  By this concealment and failure to

2  disclose, PERRY GRAVELLE caused the Social Security Administration to pay out

3  benefits to which he was not entitled.

4       All in violation of Title 42, United States Code, Section 1383a(a)(3).

5

6  **COUNT 4**<br>**(Social Security Number Misuse)**

7       On or about August 10, 2007, at Bellevue, within the Western District of

8  Washington and elsewhere, PERRY GRAVELLE, for any purpose, including for the

9  purpose of obtaining Supplemental Security Income benefits, willfully, knowingly, and

10  with intent to deceive, used a Social Security account number assigned by the

11  Commissioner of Social Security on the basis of false information furnished to the

12  Commissioner of Social Security.  Specifically, PERRY GRAVELLE submitted an

13  Application for Supplemental Security Income benefits in which he used a Social Security

14  number assigned to "Lamont Cranston," which PERRY GRAVELLE had obtained by

15  falsely representing that the applicant had not previously been issued a Social Security

16  number.

17       All in violation of Title 42, United States Code, Section 408(a)(7)(A).

18

19  **COUNT 5**<br>**(Unlawful Production of Identification Document--Cranston)**

20       On or about October 2, 2007, at Bothell, within the Western District of

21  Washington, PERRY GRAVELLE, in and affecting interstate commerce, knowingly and

22  without lawful authority caused the Washington Department of Licensing to produce and

23  transport in the mail a Washington driver's license bearing a picture of PERRY

24  GRAVELLE but issued in the name Lamont Cranston.

25       All in violation of Title 18, United States Code, Section 1028(a)(1), and Title 18,

26  United States Code, Section 2.

27  ///

28  ///

INDICTMENT/PERRY GRAVELLE - 4

## COUNT 6
### (Unlawful Production of Identification Document--White)

On or about October 3, 2007, at Bothell, within the Western District of Washington, PERRY GRAVELLE, in and affecting interstate commerce, knowingly and without lawful authority caused the Washington Department of Licensing to produce and transport in the mail a Washington driver's license bearing a picture of PERRY GRAVELLE but issued in the name Perry White.

All in violation of Title 18, United States Code, Section 1028(a)(1), and Title 18, United States Code, Section 2.

## ALLEGATION OF FORFEITURE

A.    **Mail Fraud (Counts 1-2)**

1.    The allegations contained in paragraphs 1 through 6 of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeitures to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of one or more of the offenses charged in Counts 1 through 2, above, in violation of Title 18, United States Code, Section 1341, PERRY GRAVELLE shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the offenses.

3.    The property to be forfeited includes, but is not limited to the following:

a.    Money Judgment.  A sum of money representing the proceeds obtained as a result of the offenses charged in Counts 1 through 2 of this Indictment.

b.    Substitute Assets.  If any of the above-described forfeitable property, as a result of any act or omission of the Defendant

1.    cannot be located upon the exercise of due diligence;

INDICTMENT/PERRY GRAVELLE - 5

1         2.     has been transferred or sold to, or deposited with, a third

2               party;

3         3.     has been placed beyond the jurisdiction of the Court;

4         4.     has been substantially diminished in value; or

5         5.     has been commingled with other property which cannot be

6               subdivided without difficulty;

7 the United States of America shall be entitled to forfeiture of substitute property pursuant

8 to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

9 Code, Section 2461(c).

10      All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

11 United States Code, Section 2461(c).

12 **B.**    **Unlawful Production of Identification Document (Counts 5 and 6)**

13      1.     The allegations contained in paragraphs 9 and 10 of this Indictment are

14 hereby re-alleged and incorporated herein by reference for the purpose of alleging

15 forfeitures to the United States pursuant to Title 18, United States Code,

16 Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

17      2.     Upon conviction of one or more of the offenses charged in Counts 5 and 6,

18 above, in violation of Title 18, United States Code, Section 1028(a), PERRY

19 GRAVELLE shall forfeit to the United States of America, pursuant to Title 18,

20 United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

21 Section 2461(c), any and all property, real or personal, that constitutes or is derived,

22 directly or indirectly, from proceeds traceable to the offenses.

23      3.     The property to be forfeited includes, but is not limited to the following:

24         a.     <u>Money Judgment</u>.  A sum of money representing the proceeds

25 obtained as a result of the offenses charged in Counts 5 and 6 of this Indictment.

26         b.     <u>Substitute Assets</u>.  If any of the above-described forfeitable property,

27 as a result of any act or omission of the Defendant

28              1.     cannot be located upon the exercise of due diligence;

INDICTMENT/PERRY GRAVELLE - 6

2.    has been transferred or sold to, or deposited with, a third
party;

3.    has been placed beyond the jurisdiction of the Court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be
subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant
to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States
Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,
United States Code, Section 2461(c).

DATED:

A TRUE BILL: 10/27/11

(Signature of Foreperson redacted pursuant to
policy of the Judicial Conference)
FOREPERSON

JENNY A. DURKAN
United States Attorney

TESSA GORMAN
Assistant United States Attorney

C. SETH WILKINSON
Special Assistant United States Attorney

INDICTMENT/PERRY GRAVELLE - 8